| Report: CZR0026 v18.0 | 22ND JUDICIAL CIRCUIT<br>CITY OF ST. LOUIS<br>CIRCUIT COURT DOCKET SHEET | Date: 01-May-2026<br>Time: 12:33:35PM<br>Page: 1 |
|---|---|---|

## 2622-CC00651   HAWTHORNE V LEES SECURITY                    Security Level: 1 Public

| Case Type: | CC Employmnt Discrmntn 213.111 | Case Filing Date: | 02-Apr-2026 |
|---|---|---|---|
| Status: | Pet Filed in Circuit Ct | | |
| Disposition: | | Disposition Date: | |
| | 90%:  23-Mar-2028 | 95%: 19-Sep-2028 | Case Age: 29 days |

| | | Release/Status<br>Change Date | Reason |
|---|---|---|---|
| Judge | **CHRISTOPHER EDWARD MCGRAUGH (36301)** | | |
| Plaintiff | **FELICIA HAWTHORNE (S156567)** | | |
| | 4451 Forest Park Ave. Apt 1005<br>St Louis, Mo 63108 | | |
| **REPRESENTED BY:** | | | |
| Attorney for Plaintiff | KEVIN J DOLLEY (54132)<br>2726 S Brentwood Blvd<br>St Louis, Mo 63144<br>Phone #:  (314) 645-4100<br>Fax #:  (314) 736-6216<br>Email:  kevin@dolleylaw.com<br>(314) 647-4300 | Fax # | |
| Defendant | **LEES SECURITY LLC (S156565)** | | |
| | 4818 Washington Blvd<br>St Louis, Mo 63108 | | |
| Defendant | **SHAWN JACKSON (S156566)** | | |
| | 4818 Washington Blvd<br>St. Louis, Mo 63108 | | |

| Filing Date | Description |
|---|---|
| 02-Apr-2026 | **Pet Filed in Circuit Ct**<br>Petition; Request for Appointment of Process Server.<br>**Filed By:** KEVIN J DOLLEY<br>**On Behalf Of:** FELICIA HAWTHORNE<br>**Filing Info Sheet eFiling**<br>**Filed By:** KEVIN J DOLLEY |
| 03-Apr-2026 | **Summons Issued-Circuit**<br>Document ID: 26-SMCC-2872, for JACKSON, SHAWN<br>**Summons Issued-Circuit**<br>Document ID: 26-SMCC-2873, for LEES SECURITY LLC |
| 28-Apr-2026 | **Answer Filed**<br>**Motion to Dismiss**<br>Defendant's Motion to Dismiss |

2622-CC00651

Electronically Filed - City of St. Louis - April 02, 2026 - 05:50 PM

IN THE MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(ST. LOUIS CITY)

| | | |
|---|---|---|
| FELICIA HAWTHORNE, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Div. No. |
| LEES SECURITY LLC, and | ) | |
| SHAWN JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |

**PETITION**

COMES NOW Plaintiff Felicia Hawthorne, by and through counsel, and for her Petition against Defendants, states as follows:

1.      The allegations below describe how a company owner deliberately and cruelly degraded an African American woman because he believed that, by controlling Felicia Hawthorne's livelihood, he could humiliate, berate, and abuse her from nearly the outset of her employment, throughout her time working for Defendants, and even in the course of firing her. The racial and gendered slurs he directed at Felicia, together with the sustained barrage of obscene, hostile, and degrading statements he made, reflect profound cruelty toward another human being and were directed toward a person who Defendants knew was in a vulnerable position, desperate for income and facing eviction from her home. This was not mere insensitivity or ordinary workplace misconduct. It was a willful, wanton, and malicious assault on Felicia's dignity and humanity. Conduct of this kind demands consequences severe enough to make unmistakably clear that no employer can subject a worker to such degradation and escape accountability.

Electronically Filed - City of St. Louis - April 02, 2026 - 05:50 PM

2. Plaintiff Felicia Hawthorne is an adult resident of St. Louis, Missouri. Plaintiff is a Black woman with approximately 20 years of experience in the security industry.

3. This Court has jurisdiction over Plaintiff's claims. The discriminatory conduct and wage claims giving rise to Plaintiff's claims include conduct that occurred in Missouri.

4. Plaintiff timely filed a charge of discrimination with the Missouri Commission on Human Rights that was dual filed with the Equal Employment Opportunity Commission concerning the discriminatory and retaliatory conduct at issue in this case. The charge named both Lees Security LLC and Shawn Jackson.

5. On January 22, 2026, the Missouri Commission on Human Rights issued Plaintiff a Notice of Right to Sue.  See Exhibit 1.

6. Plaintiff brings this action within 90 days of that notice and within all other applicable limitations periods. All conditions precedent to Plaintiff's Missouri Human Rights Act claims have been satisfied.

7. Defendant Lees Security LLC is a limited liability company doing business in Missouri and with its business location in the City of St. Louis, Missouri.

8. At all relevant times, Lees Security LLC employed 15 or more employees, provided security services at multiple Missouri locations, and is an employer within the meaning of the Missouri Human Rights Act and Missouri wage statutes.

9. Defendant Shawn Jackson was the owner of Lees Security LLC and exercised control over Plaintiff's hiring, work assignments, timekeeping, pay, discipline, and discharge.

10. At all relevant times, Jackson was the controlling owner, member, and/or manager of Lees Security LLC, was not merely an individual employed by an employer, and personally exercised final and day-to-day authority over Plaintiff's hiring, pay, scheduling, assignments,

2

Electronically Filed - City of St. Louis - April 02, 2026 - 05:50 PM

timekeeping, discipline, complaints, and discharge, and was the person vested with final authority over the company's employment practices, policies, and decisions.

11.    Jackson, whether directly and/or through the business he owned and controlled, employed 6 or more persons within Missouri during the relevant period, engaged in an industry affecting commerce, and functioned as an employer within the meaning of the Missouri Human Rights Act.

12.    Jackson personally operated the business, used Lees Security LLC as the vehicle through which security guards were hired and paid, and exercised both day-to-day and final authority over the terms, conditions, and privileges of Plaintiff's employment.

13.    Jackson personally recruited Plaintiff, directed Plaintiff in how to complete the hiring process, controlled whether Plaintiff would start immediately, set Plaintiff's hourly rate, represented the manner and timing of pay, set or approved Plaintiff's expected hours and shift, assigned Plaintiff's worksite, and retained authority over Plaintiff's continuation of employment.

14.    Jackson exercised direct authority over staffing, scheduling, timekeeping, payroll, discipline, and discharge.

15.    Jackson was the person through whom Lees Security LLC acted with respect to Plaintiff's employment. As to Plaintiff, Jackson's decisions were the company's decisions, and any action taken by Lees Security LLC concerning Plaintiff's hiring, assignments, pay, discipline, complaints, or discharge was taken at Jackson's direction, with Jackson's approval, or through Jackson's ratification.

16.    Jackson personally committed the discriminatory and retaliatory acts alleged herein. Jackson personally made the race-based and sex-based slurs, personally told Plaintiff he could speak to her however he wanted, personally responded to Plaintiff's objections to discriminatory treatment, personally escalated the hostility after Plaintiff complained, and

3

Electronically Filed - City of St. Louis - April 02, 2026 - 05:50 PM

personally caused Plaintiff's termination and the abusive messages sent in connection with that termination.

17.    Jackson's participation was direct, substantial, and contemporaneous. Jackson was present for critical events, possessed superior authority over Plaintiff and over those assisting him, and used that authority to create, continue, and intensify the discriminatory and retaliatory treatment alleged in this Petition.

18.    Jackson and Lees Security LLC jointly employed Plaintiff, were integrated in the administration of Plaintiff's employment, and together controlled the instrumentalities of employment that affected Plaintiff's pay, schedule, assignments, discipline, and discharge.

19.    Jackson knowingly, substantially, and directly assisted, encouraged, incited, compelled, and coerced Lees Security LLC's race discrimination, sex discrimination, hostile work environment harassment, and retaliation against Plaintiff.

## FACTUAL ALLEGATIONS

### A. Hiring and Terms of Employment.

20.    In early May 2025, Plaintiff applied for a security guard position with Lees Security LLC through an Indeed posting.

21.    After Plaintiff applied, Defendant Jackson instructed her to call a telephone number associated with the company. During that initial conversation, Jackson showed little interest in Plaintiff's 20 years of security experience and focused on whether Plaintiff would report to work right away. Jackson told Plaintiff she would be paid $16.50 per hour, would work about 35 hours per week, and would be paid weekly on Fridays. Jackson further told Plaintiff her regular shift would run from 3:00 p.m. to 9:00 p.m.

22.    Plaintiff began working for Defendants on May 12, 2025, the day after she completed the initial hiring process.

4

Electronically Filed - City of St. Louis - April 02, 2026 - 05:50 PM

23. Defendants assigned Plaintiff to work as an unarmed security guard at City Gear, a retail clothing store.

24. Plaintiff performed her job diligently. She reported to work as scheduled, frequently arrived early, and stayed beyond her scheduled end time when Defendants kept her on duty.

25. On May 13, 2025, after Defendants kept Plaintiff late at the worksite, Plaintiff asked Jackson to provide her with an Uber ride home because she had taken the bus to work and the late shift interfered with her ability to get home. Plaintiff made that request after learning that a male security guard in a similar situation received transportation assistance, and she simply asked Defendant Jackson whether she could receive such assistance as well.

26. Jackson responded to the transportation assistance request with hostility, calling Plaintiff a "ghetto bitch" for making the request. Later that same evening, Jackson continued the tirade by phone and referred to Plaintiff as a "Black ghetto bitch." Jackson told Plaintiff that he could speak to her however he wanted, told Plaintiff she needed to have "a thick skin" to work for him, and said the relationship was not going to work if Plaintiff expected respectful treatment.

27. Jackson's race-based and sex-based slurs directed toward Plaintiff during the employment relationship were continuing and pervasive, humiliated Plaintiff, caused Plaintiff to cry at work, and created an intimidating and abusive work environment.

28. Plaintiff objected to Jackson's discriminatory treatment and told him he could not talk to an employee in that way. In response Defendant Jackson continued in his conduct.

29. After voicing concerns about Defendants' treatment of her as a black female employee, Plaintiff only experienced increased scrutiny and hostile treatment in retaliation for her complaints.

5

Electronically Filed - City of St. Louis - April 02, 2026 - 05:50 PM

30. Plaintiff continued working despite Jackson's abuse because Plaintiff urgently needed income and was facing eviction.

31. On Memorial Day, May 26, 2025, Plaintiff experienced a health issue, was vomiting, and notified Defendants about four hours before her shift that she could not safely report to work that day.

32. Before May 26, 2025, Plaintiff had not called off during her employment with Defendants and maintained reliable attendance from the beginning of her employment.

33. Jackson, through his assistant Abby, terminated Plaintiff on May 26, 2025. Abby texted Plaintiff that Jackson had fired her and indicated that he told Plaintiff to "enjoy the barbecue."

34. Because of the initial hostile response to her calling in sick, Plaintiff actually attempted to come in and was on her way to work when Defendants terminated her.

35. In relation to the indicated notice of termination, Jackson sent Plaintiff a series of abusive text messages. This stream of obscene and degrading text messages included mocking Plaintiff's housing situation saying "I don't give a fuck about your goddamn crib. Living in your fucking slum Section 8 fucking housing," and sent her a middle-finger image and told her to "Stick it right up your ass." Jackson further sent Plaintiff photographs of him presently on a yacht and sport fishing and taunted Plaintiff, "Nice boat, huh. This is what you can achieve when you get an education. Why don't you try it?" He told Plaintiff that if she remained unemployed after he fired her, she deserved to be "on the . . . street." Jackson then told Plaintiff to go away and not bother him again. Jackson turned the occasion into one to humiliate Plaintiff about her housing, finances, and unemployment and Defendants' outrageous conduct directly resulted in Plaintiff's humiliation and further emotional distress.

Electronically Filed - City of St. Louis - April 02, 2026 - 05:50 PM

36.    Defendants' conduct constitutes clear sex and race discrimination. More than that, Defendant Jackson's actions demonstrate that he believed he could mistreat, intimidate, and disrespect Plaintiff with impunity because she was a Black woman whom he could bully and discard as he wanted.

37.    As a direct result of Defendants' conduct described herein, Plaintiff suffered lost wages and benefits of employment. Plaintiff seeks back pay, front pay, and compensatory damages. Plaintiff has suffered substantial emotional distress, including humiliation, embarrassment, anxiety, loss of sleep, and loss of enjoyment of life, all of continuing and permanent nature.

38.    Defendants' conduct was outrageous and showed complete indifference to and conscious disregard for Plaintiff's rights, Defendants acted with a deliberate and flagrant disregard for the safety of others, and intentionally harmed Plaintiff without just cause or excuse, and Defendants acted with complete indifference to and conscious disregard for the rights and safety of others.

**B. Hours Worked, Timekeeping, and Underpayment of Wages.**

39.    Defendants used a mobile timekeeping application believed to be called Pro Post. Plaintiff clocked in and out through her phone with her employee number. The app worked only when Plaintiff was physically present at the worksite.

40.    When the app did not work correctly or Plaintiff forgot to clock out, Plaintiff contacted Jackson's assistant, Abby, and Abby told Plaintiff she would enter Plaintiff's time.

41.    Plaintiff regularly arrived early and when Plaintiff arrived early, Plaintiff began working.

Electronically Filed - City of St. Louis - April 02, 2026 - 05:50 PM

42.     Defendants also kept Plaintiff past her scheduled 9:00 p.m. end time. On multiple days, Plaintiff remained on duty until about 10:00 p.m. because of staffing needs and manager training at the site.

43.     Plaintiff worked seven consecutive days at one point and worked more than 40 hours in at least one workweek.

44.     Even though Jackson promised to pay Plaintiff $16.50 per hour for all hours worked, Defendants paid Plaintiff only flat amounts that did not reflect Plaintiff's actual time worked.

45.     On May 16, 2025, Defendants deposited $380 into Plaintiff's account.

46.     On May 23, 2025, Defendants deposited $385 into Plaintiff's account.

47.     At $16.50 per hour, those payments did not reflect all of Plaintiff's straight time hours, did not reflect all of the extra time Plaintiff worked before and after her scheduled shifts, and did not include overtime due at a rate of time and a half the regular rate of pay due to Plaintiff as a non-exempt employee.

48.     At the time of Plaintiff's discharge, Defendants owed Plaintiff wages, including wages for time Plaintiff worked on the preceding Sunday and other unpaid straight time and overtime wages.

49.     After Defendants fired her, Plaintiff sent written text messages requesting payment of the wages she was owed, but Defendants did not pay her in full.

50.     Defendants did not provide Plaintiff with pay stubs or itemized wage statements showing her hours worked, gross wages, deductions, or net pay.

Electronically Filed - City of St. Louis - April 02, 2026 - 05:50 PM

## COUNT I

### Race Discrimination and Race-Based Harassment Under the Missouri Human Rights Act
### (Against Defendants)

51.     Plaintiff repeats and realleges the above-stated paragraphs as if fully set forth herein.

52.     Plaintiff is Black and African American and therefore is a member of a protected class based on color and race.

53.     At all relevant times, Defendants were employers of Plaintiff within the meaning of the Missouri Human Rights Act, and Jackson was the actual employing owner and final employment decisionmaker with respect to Plaintiff.

54.     Jackson is further liable because he knowingly and substantially assisted, encouraged, incited, compelled, and coerced Lees Security LLC's unlawful discrimination, harassment, and retaliation of Plaintiff.

55.     Plaintiff was qualified for her position and performed her job satisfactorily.

56.     Defendants subjected Plaintiff to unwelcome race-based harassment, including calling Plaintiff a "Black ghetto bitch" and otherwise directing racially charged abuse at Plaintiff.

57.     The color and race-based harassment was severe and pervasive and altered the terms, conditions, and privileges of Plaintiff's employment. It humiliated Plaintiff, reduced Plaintiff to tears at work, and created an intimidating, hostile, and abusive working environment.

58.     Race and color was a motivating factor in Defendants' harassment of Plaintiff and in the decision to terminate Plaintiff.

59.     As a direct result of Defendants' unlawful color and race-based discrimination and harassment, Plaintiff suffered damages, including lost wages and benefits, future pecuniary losses, emotional distress, humiliation, embarrassment, anxiety, and loss of enjoyment of life.

Electronically Filed - City of St. Louis - April 02, 2026 - 05:50 PM

60.     Defendants acted intentionally and with reckless disregard for Plaintiff's protected rights, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants on Count I and for an award of back-pay, lost benefits, front pay or reinstatement, future pecuniary losses, compensatory damages for emotional pain, suffering, humiliation, embarrassment, and mental anguish, punitive damages, reasonable attorney fees and court and litigation costs, pre-judgment interest, post-judgment interest, and such other legal and equitable relief as the Court deems just and proper.

## COUNT II

### Sex Discrimination and Sex-Based Harassment Under the Missouri Human Rights Act (Against Defendants)

61.     Plaintiff repeats and realleges the above-stated paragraphs as if fully set forth herein.

62.     Plaintiff is female and therefore is a member of a protected class based on sex.

63.     At all relevant times, Defendants were employers of Plaintiff within the meaning of the Missouri Human Rights Act, and Jackson was the actual employing owner and final employment decisionmaker with respect to Plaintiff.

64.     Jackson is further liable because he knowingly and substantially assisted, encouraged, incited, compelled, and coerced Lees Security LLC's unlawful discrimination, harassment, and retaliation against Plaintiff.

65.     Plaintiff was qualified for her position and performed her job satisfactorily.

66.     Defendants, acting through Jackson, subjected Plaintiff to unwelcome sex-based harassment.

Electronically Filed - City of St. Louis - April 02, 2026 - 05:50 PM

67.     Defendants treated Plaintiff less favorably than male security guards, including when Plaintiff requested transportation assistance after working late.

68.     Plaintiff's sex was a motivating factor in Defendants' harassment of Plaintiff, its disparate treatment of Plaintiff, and its decision to terminate Plaintiff.

69.     As a direct result of Defendants' unlawful sex discrimination and sex-based harassment, Plaintiff suffered damages, including lost wages and benefits, future pecuniary losses, emotional distress, humiliation, embarrassment, anxiety, and loss of enjoyment of life.

70.     Defendants acted intentionally and with reckless disregard for Plaintiff's protected rights, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants on Count II and for an award of back pay, lost benefits, front pay or reinstatement, future pecuniary losses, compensatory damages for emotional pain, suffering, humiliation, embarrassment, and mental anguish, punitive damages, reasonable attorney fees and court and litigation costs, pre-judgment interest, post-judgment interest, and such other legal and equitable relief as the Court deems just and proper.

## COUNT III

### Retaliation Under the Missouri Human Rights Act
### (Against Defendants)

71.     Plaintiff repeats and realleges the above-stated paragraphs as if fully set forth herein.

72.     Plaintiff engaged in protected activity by objecting to Jackson's race-based and sex-based slurs, by objecting to the discriminatory way Jackson was treating her, and by requesting equal treatment after learning that a male security guard had received transportation assistance in a similar circumstance.

11

Electronically Filed - City of St. Louis - April 02, 2026 - 05:50 PM

73.     At all relevant times, Defendants were employers of Plaintiff within the meaning of the Missouri Human Rights Act, and Jackson was the actual employing owner and final employment decisionmaker with respect to Plaintiff.

74.     Jackson is further liable because he knowingly and substantially assisted, encouraged, incited, compelled, and coerced Lees Security LLC's unlawful discrimination, harassment, and retaliation against Plaintiff.

75.     Defendants knew about Plaintiff's protected activity because Jackson heard Plaintiff's objections directly and he was the person involved in relation to Defendants.

76.     After Plaintiff opposed Jackson's discriminatory conduct, Defendants escalated the hostility toward Plaintiff and terminated her employment.

77.     Plaintiff's protected activity was a motivating factor in Defendants' retaliation against Plaintiff.

78.     As a direct result of Defendants' retaliation, Plaintiff suffered damages, including lost wages and benefits, future pecuniary losses, emotional distress, humiliation, embarrassment, anxiety, and loss of enjoyment of life.

79.     Defendants acted intentionally and with reckless disregard to Plaintiff's protected rights, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants on Count III and for an award of back pay, lost benefits, front pay or reinstatement, future pecuniary losses, compensatory damages for emotional distress, suffering, humiliation, embarrassment, and mental anguish resulting from retaliation, punitive damages, reasonable attorney fees and court and litigation costs, pre-judgment interest, post-judgment interest, and such other legal and equitable relief as the Court deems just and proper.

Electronically Filed - City of St. Louis - April 02, 2026 - 05:50 PM

## COUNT IV

### Unpaid Overtime Under Missouri Minimum Wage Law
### (Against Defendants)

80.     Plaintiff repeats and realleges the above-stated paragraphs as if fully set forth herein.

81.     Plaintiff was an hourly employee of Defendants.

82.     Plaintiff was a non-exempt employee and did not fall within any exemption from Missouri's overtime requirements.

83.     Defendants were employers of Plaintiff within the meaning of Missouri's Minimum Wage Law, MO. REV. STAT. § 290.500 *et seq*.

84.     Plaintiff's regular rate of pay was $16.50 per hour.

85.     Plaintiff worked more than 40 hours in at least one workweek.

86.     Plaintiff performed compensable work, including work before scheduled shifts, work after scheduled shifts, and work during workweeks in which Defendants kept Plaintiff on duty past her scheduled end time.

87.     Defendants knew or should have known Plaintiff worked those overtime hours, failed to keep accurate records of all hours Plaintiff worked, and failed to pay Plaintiff at 1.5 times her regular rate for hours worked in excess of 40 in a workweek, as required by MO. REV. STAT. § 290.505.

88.     Under MO. REV. STAT. § 290.527, Defendants are liable for the full amount of unpaid overtime compensation and an additional amount equal to twice the unpaid overtime wages as liquidated damages, together with reasonable attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants Lees Security LLC and Shawn Jackson on Count IV and for an award of all unpaid overtime

13

Electronically Filed - City of St. Louis - April 02, 2026 - 05:50 PM

compensation, liquidated damages equal to twice the unpaid overtime wages as provided by Mo. Rev. Stat. § 290.527, reasonable attorney fees and court and litigation costs, pre-judgment interest, post-judgment interest, and such other legal and equitable relief as the Court deems just and proper.

<u>COUNT V</u>

**Breach of Contract for Unpaid Straight-Time Wages**
**(Against Defendants)**

89.    Plaintiff repeats and realleges the above-stated paragraphs as if fully set forth herein.

90.    Plaintiff and Defendants agreed by mutual promises under which Plaintiff agreed to perform security services and Defendants agreed to pay Plaintiff $16.50 per hour and to pay Plaintiff weekly on Fridays.

91.    Plaintiff accepted the agreement and performed or tendered performance by reporting to work, working her scheduled shifts, arriving early and beginning work when she arrived early, remaining on duty past the scheduled end of her shifts when Defendants kept Plaintiff there, and otherwise performing security services for Defendants.

92.    The parties' agreement required Defendants to pay Plaintiff $16.50 per hour for all straight-time hours Plaintiff worked, including all compensable hours worked up to 40 in a workweek and all non-overtime hours worked before and after her scheduled shifts.

93.    Defendants breached the agreement by failing to pay Plaintiff all straight-time wages earned at the agreed rate and by instead paying flat sums that did not compensate Plaintiff for all straight-time hours worked.

94.    As a direct and proximate result of Defendants' breach, Plaintiff sustained damages in an amount equal to the unpaid straight-time wages due under the agreement, together

Electronically Filed - City of St. Louis - April 02, 2026 - 05:50 PM

with pre-judgment and post-judgment interest as allowed by law. This count seeks recovery of Plaintiff's unpaid straight-time wages at the agreed hourly rate and does not seek overtime premium damages which is separately pled.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants Lees Security LLC and Shawn Jackson on Count V and for an award of all unpaid straight-time wages due, pre-judgment interest, post-judgment interest, court costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT VI

### Final Wages and Statutory Penalty Under Mo. Rev. Stat. § 290.110
### (Against Defendants)

95.    Plaintiff repeats and realleges the above-stated paragraphs as if fully set forth herein.

96.    Defendants discharged Plaintiff on May 26, 2025.

97.    At the time of discharge, Defendants owed Plaintiff wages then due and owing at the agreed rate, including unpaid wages for Plaintiff's final work period and unpaid wages already earned.

98.    After her discharge, Plaintiff made written demand by text message to Jackson for payment of wages due.

99.    Defendants did not pay Plaintiff the wages due within seven days of that demand.

100.    Under MO. REV. STAT. § 290.110, Defendants are liable for the unpaid wages due at discharge and for penalty wages at the contract rate from the date of discharge until paid.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants Lees Security LLC and Shawn Jackson on Count VI and for an award of all wages due at discharge, penalty wages at the contract rate from the date of discharge until paid as authorized by MO.

15

Electronically Filed - City of St. Louis - April 02, 2026 - 05:50 PM

REV. STAT. § 290.110, reasonable attorneys' fees, court and litigation costs, pre-judgment interest, post-judgment interest, and such other legal and equitable relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

By:    _____*/s/ Kevin J. Dolley*_____
Kevin J. Dolley, #54132
HKM Employment Attorneys LLP
7382 Pershing Avenue, Suite 1W
Saint Louis, Missouri 63130
Phone/Fax: 314-642-6577
kdolley@hkm.com

*Counsel for Plaintiff*

Electronically Filed - City of St. Louis - April 02, 2026 - 05:50 PM



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS

| MIKE KEHOE | ANNA S. HUI | AL LI | SHANNON THOMPSON |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | ACTING EXECUTIVE DIRECTOR |

January 22, 2026

Felicia Hawthorne
4451 Forest Park Avenue
Apt. 1005
St. Louis, MO 63108
Via email: kdolley@hkm.com

## NOTICE OF RIGHT TO SUE

RE: Hawthorne v Lees Security LLC E-07/25-57186; 28E-2025-00788

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

*Shannon Thompson*

Shannon Thompson
Acting Executive Director

CC: Additional Contacts Listed on Next Page

**EXHIBIT**

**1**

*The Missouri Commission on Human Rights is an equal opportunity employer/program.*
*Auxiliary aides and services are available upon request to individuals with disabilities.*

TDD/TTY: 1-800-735-2966  •  Relay Missouri: 711  •  www.labor.mo.gov/discrimination  •  Email: mchr@labor.mo.gov

Electronically Filed - City of St. Louis - April 02, 2026 - 05:50 PM

RE:  Hawthorne v Lees Security LLC E-07/25-57186; 28E-2025-00788

Lees Security LLC
Shawn Jackson, Owner
4818 Washington Blvd.
St. Louis, MO 63108
Via email

Shawn Jackson
Shawn Jackson, Owner, 4818 Washington Blvd.
St. Louis, MO 63108
Via email: shawnejackson@comcast.net

Kevin Dolley
Attorney, HKM Employment Attorneys LLP
7382 Pershing Avenue
Suite 1W
Saint Louis, MO 63130
Via email: kdolley@hkm.com

Electronically Filed - City of St. Louis - April 02, 2026 - 05:50 PM

2622-CC00651

**In the**

# CIRCUIT COURT
## City of St. Louis, Missouri

Felicia Hawthorne,

_____
Plaintiff/Petitioner

04/02/2026
_____
Date

vs.

Lees Security LLC et al.,
_____
Defendant/Respondent

_____
Case number

_____
Division

┌                            ┐

For File Stamp Only

└                            ┘

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff Felicia Hawthorne                                    , pursuant
                    Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| Adam Elliott, Elliott Process LLC | 6642 Clayton Rd #106, Richmond Heights, MO 63117 | 636-200-8059 |
|---|---|---|
| Name of Process Server | Address | Telephone |
|  |  |  |
| Name of Process Server | Address | Telephone |
|  |  |  |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Lees Security LLC
_____
Name
4818 Washington Blvd.
_____
Address
St. Louis, MO 63108
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
Shawn Jackson
_____
Name
4818 Washington Blvd.
_____
Address
St. Louis, MO 63108
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPRINGER**, Circuit Clerk

By _McMullen_
Deputy Clerk
Date  4/3/26

Kevin J. Dolley
_____
Attorney/Plaintiff/Petitioner
54132
_____
Bar No.
7382 Pershing Ave., Ste. 1W, Saint Louis, MO 63130
_____
Address
314-642-6577
_____
Phone No.



# Summons in Civil Case

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number:  2622-CC00651 |
| Plaintiff/Petitioner:<br>FELICIA HAWTHORNE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN J DOLLEY<br>2726 S BRENTWOOD BLVD<br>ST LOUIS, MO  63144 |
| Defendant/Respondent:<br>LEES SECURITY LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

*(Date File Stamp for Return)*

**The State of Missouri to:    LEES SECURITY LLC**
**Alias:**
**4818 WASHINGTON BLVD**
**ST LOUIS, MO  63108**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

**CITY OF ST LOUIS**

_____4/3/2026_____
Date

_____
Clerk

**Further Information:**

Case Number: 2622-CC00651

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*          My commission expires: _____  _____

                                                              Date                              Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# Summons in Civil Case

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD<br>MCGRAUGH | Case Number: 2622-CC00651 | |
|---|---|---|
| Plaintiff/Petitioner:<br>FELICIA HAWTHORNE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN J DOLLEY<br>2726 S BRENTWOOD BLVD<br>ST LOUIS, MO  63144 | |
| Defendant/Respondent:<br>LEES SECURITY LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

The State of Missouri to:  **SHAWN JACKSON**
**Alias:**
**4818 WASHINGTON BLVD**
**ST. LOUIS, MO  63108**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

**CITY OF ST LOUIS**

4/3/2026
Date

_____
Clerk

**Further Information:**

Case Number: 2622-CC00651

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server              Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*          My commission expires: _____ _____
                                          Date                    Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



FILED

APR 28 2026

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS, MISSOURI**

**22nd JUDICIAL CIRCUIT**

FELICIA HAWTHORNE,

Plaintiff,

v.

LEES SECURITY LLC and SHAWN JACKSON,

Defendants.

FILED

APR 27 2026

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

Case No.: 2622-CC000651

## DEFENDANTS' MOTION TO DISMISS

Defendants Lees Security LLC and Shawn Jackson ("Defendants"), pursuant to Missouri Supreme Court Rule 55.27(a)(6), move this Court to dismiss Plaintiff's Petition, in whole or in part, for failure to state a claim upon which relief can be granted.

## I. LEGAL STANDARD

While Missouri follows a liberal pleading standard, a petition must allege facts—not mere conclusions—sufficient to establish each element of a cause of action. Conclusory allegations and unsupported assertions are insufficient to survive a motion to dismiss.

## II. ARGUMENT

A. Plaintiff's Discrimination and Harassment Claims Fail as a Matter of Law

Plaintiff fails to allege facts sufficient to establish discrimination or harassment under the Missouri Human Rights Act. The Petition relies on conclusory statements and unsubstantiated allegations without factual support demonstrating discriminatory motive or severe or pervasive conduct.

B. Retaliation Claim Fails

Plaintiff fails to plead protected activity, a causal connection, or facts supporting retaliation. The Petition does not establish any nexus between alleged complaints and termination.

ENTERED

APR 28 2026

K M A

C. Overtime Claim Fails

Plaintiff fails to allege specific facts demonstrating that she worked more than 40 hours in any workweek. Generalized assertions are insufficient under Missouri law.

D. Breach of Contract Claim Fails

Plaintiff fails to identify a valid contract supporting her wage claims. The alleged compensation rate is contradicted by the written offer and no enforceable agreement exists.

E. Final Wage Claim Fails

Plaintiff does not identify any specific unpaid wages and fails to state a viable claim under applicable Missouri wage statutes.

F. Claims Against Individual Defendant Should Be Dismissed

Plaintiff fails to plead sufficient facts to establish individual liability against Shawn Jackson. Any claims are duplicative and legally insufficient.

## III. CONCLUSION

Plaintiff's Petition is based on conclusory allegations and fails to state claims upon which relief can be granted.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Petition with prejudice, or in the alternative dismiss all legally deficient claims, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

LEES SECURITY LLC and SHAWN JACKSON

By: _____

Date: 04/26/2026 _____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following by UPS Next Day service, postage prepaid, on this 27 day of April , 2026:

Kevin J. Dolley

2726 S Brentwood Blvd

St. Louis, MO 63144

Shawn Jackson

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS, MISSOURI

22nd JUDICIAL CIRCUIT

FELICIA HAWTHORNE,

Plaintiff,

v.

LEES SECURITY LLC and SHAWN JACKSON,

Defendants.

Case No.: 2622-CC000651

### DEFENDANTS' ANSWER TO PETITION

### I. GENERAL DENIAL

Pursuant to Missouri Supreme Court Rule 55.09, Defendants deny each and every allegation contained in Plaintiff's Petition except those expressly admitted herein.

### II. RESPONSES TO ALLEGATIONS

1. Plaintiff's claims of discrimination based on race and sex are categorically denied and unsupported by any credible evidence.

2. Defendants state that Shawn Jackson is a Black man, a United States Navy veteran, and a minority business owner. These facts directly undermine Plaintiff's unsupported claim that he engaged in race-based discrimination against another Black employee.

3. Plaintiff was hired at a rate of $15.00 per hour, not $16.50 as alleged.

4. Plaintiff began employment on or about May 5, 2025, not May 12, 2025.

5. Plaintiff was informed prior to accepting employment that she was required to remain on-site until store personnel departed.

6. Plaintiff's claims of hostility are contradicted by documented communications showing neutral and professional interactions, as well as Defendant providing transportation assistance on multiple occasions.

7. At no time did Defendants make any race-based or sex-based slurs toward Plaintiff. These allegations are false.

8. Plaintiff continued working after the alleged incident, which contradicts her claim of a hostile or abusive work environment.

9. Plaintiff was terminated during her probationary period for legitimate, non-discriminatory reasons, including repeated tardiness, failure to follow timekeeping procedures, and attendance violations.

10. Plaintiff's claim that Defendant knew she was at risk of eviction is false. Plaintiff never communicated any such concern to Defendant prior to her termination.

11. Plaintiff first mentioned any alleged housing issue in a text message sent on May 30, 2025, which was four days after her termination.

12. At the time the termination decision was made, Defendant had no knowledge of any alleged housing risk, and therefore such considerations played no role in the termination decision.

13. Plaintiff's claim regarding eviction is further contradicted by her own actions, as she listed the same residential address in her EEOC complaint filed in July 2025 that she now claims she was evicted from.

14. Plaintiff's claims regarding hours worked and overtime are false. Plaintiff never worked more than 40 hours in any workweek.

15. Plaintiff received all wages owed, including additional payments not disclosed in her Petition.

16. Plaintiff's allegations are contradicted by documentary evidence, including time records, text messages, and payment records.

### III. AFFIRMATIVE DEFENSES

- Failure to state a claim upon which relief can be granted.

- All actions taken were based on legitimate, non-discriminatory business reasons.

- No severe or pervasive conduct occurred.

- No causal connection exists between any protected activity and termination.

- Plaintiff failed to mitigate damages.

- All wages were paid in full.

- Plaintiff's claims are barred in whole or in part by her own misrepresentations.

- Defendants acted in good faith and in compliance with all applicable laws.

## IV. CONCLUSION

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Petition with prejudice, enter judgment in favor of Defendants, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

LEES SECURITY LLC and SHAWN JACKSON

By: _____

Date: _04/26/2026_____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following by UPS Next Day service, postage prepaid, on this 27 day of April____, 2026:

Kevin J. Dolley

2726 S Brentwood Blvd

St. Louis, MO 63144

_____

Shawn Jackson

STATE OF MISSOURI        )
                                       ) ss

CITY OF ST. LOUIS          )

       I, THOMAS KLOEPPINGER, Clerk of the Circuit Court within and for the City of St. Louis, State of Missouri, do hereby certify that the foregoing are true copies of original documents on files and recorded in my office for the following case:
COPY OF COMPLETE FILE with DOCKET SHEET.

St. Louis City case number 2622-CC00651

       WITNESS my hand and SEAL of said Court this 1st day of May, 2026.

*Thomas Kloeppinger*

Thomas Kloeppinger
Circuit Clerk

By: _____
Deputy Clerk



SEAL of the CIRCUIT COURT