UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FELICIA HAWTHORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-CV-666-SPM |
| | ) | |
| LEES SECURITY LLC and SHAWN JACKSON, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss the Case (ECF No. 7), Plaintiff's Motion to Remand to State Court (ECF No. 12), and Plaintiff's Motion to Correct Joint Proposed Scheduling Plan and for Sanctions against Defendants' Counsel (ECF No. 24). The motions are briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to pursuant to 28 U.S.C.§ 636(c)(1). (ECF No. 19). For the following reasons, the Court will grant Plaintiff's motion to remand in part and deny the remaining motions as moot.

### I.   BACKGROUND

On April 2, 2026, Plaintiff brought this action in the Circuit Court of the City of St. Louis, Missouri, against Defendants Lees Security LLC and Shawn Jackson, alleging, *inter alia*, state law claims of race-based and sex-based employment discrimination, breach of contract, and unpaid overtime. (ECF No. 5). She did not specify the amount of damages sought. On April 27, 2026, Defendants filed in state court the instant Motion to Dismiss the case, alleging that Plaintiff failed to state a claim. (ECF No. 7).

1

On May 2, 2026, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, alleging complete diversity of citizenship between the parties and alleging that a good-faith estimate of the amount in controversy exceeded $75,000. (ECF No. 1). Specifically, Defendants calculated, based on Plaintiff's alleged hourly rate for which she seeks backpay, that damages would accrue to over $75,000 by an anticipated trial date. (ECF No. 1).

On May 4, 2026, Plaintiff filed a Stipulation as to Damages stating that Plaintiff "hereby stipulates that Plaintiff's damages in this matter do not exceed Seventy-Five Thousand and 0/100 Dollars ($75,000), exclusive of interest and costs." (ECF No. 3). She also agrees that the "limitation applies regardless of whether there is any amended pleading, additional claim, substituted theory, or additional Defendant added by Plaintiff in this action." (*Id.*) She then filed an Amended Stipulation as to Damages on May 8, 2026, clarifying that "Plaintiff's damages in this matter, including attorney fees" do not exceed $75,000. (ECF No. 11).

On May 8, 2026, Plaintiff filed the instant Motion to Remand the case to state court. (ECF No. 12). Plaintiff argues that in light of the stipulations she filed, the $75,000 amount in controversy requirement for establishing diversity jurisdiction is not satisfied. Plaintiff also points out defects in Defendants' notice of removal because Defendants improperly pled Defendant Lees Security LLC's citizenship (by principal place of business and registration, rather than by the citizenship of its members) and improperly pled Defendant Jackson's citizenship (by improperly alleging where he is a "resident," not where he is a citizen or domiciled). Finally, Plaintiff requests attorney's fees under 28 U.S.C. § 1447(c), alleging that Defendants lacked an objectively reasonable basis for removal. Plaintiff further argues that attorney's fees are appropriate because she inquired whether Defendants consent to removal in light of her stipulations as to damages, and they did not respond to her correspondence. She argues that this silence caused the unnecessary costs of motion practice.

2

In their response, Defendants argue that, under the "snapshot" rule "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). They assert Plaintiff did not limit her damages within the four corners of her state court petition prior to removal and is improperly attempting to "manipulat[e]" jurisdiction with her post-removal stipulations as to damages. (ECF No. 15 at 3-4).

Finally, another dispute before the Court pertains to the parties' joint proposed scheduling plan, filed pursuant to the Court's Order Setting Rule 16 Conference. (ECF No. 17). On June 30, 2026, Defendants filed a Joint Proposed Scheduling Plan (JSP) purported to be on behalf of both parties and including the electronic signature of Plaintiff's counsel. (ECF No. 20). The next day, Defendants filed a "Memorandum for the Record" communicating what Defendants described as an "ambiguity" and "misunderstanding." Through telephone and email communications with Defendants' counsel, Plaintiff had sought to include language in the JSP asking the Court to rule on her pending motion to remand prior to setting a schedule. (ECF No. 23). According to Defendants, the parties had otherwise come to an agreement on proposed deadlines, and Defendants' understanding was that Plaintiff's counsel was not insisting on the proposed request as a mandatory requirement for his signature on the JSP. Defendants allege that after filing the JSP, they received notice of Plaintiff's objection to the filing. Defendants request that the Court either construe the JSP as the submission only of Defendants' counsel, or alternatively grant leave to file an amended JSP.

That same day, Plaintiff filed the instant Motion to Correct Joint Proposed Scheduling Plan and for Sanctions against Defendants' Counsel. (ECF No. 24). According to Plaintiff, the parties' communications made clear that Plaintiff felt strongly about the inclusion of her proposed request

3

regarding the motion to remand, and that Defendants were free to include language communicating their opposition if they wished. Plaintiff asserts that her counsel did not authorize Defendants to remove her proposed request, nor to use her counsel's signature on a filing that included unilateral changes by Defendants. She asks that Defendants be subject to the sanctions of paying her attorney's fees and expenses incurred because of the unauthorized filing.

## II.   DISCUSSION

### a.   Motion to Remand

A defendant may generally remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, the district court has original jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between citizens of different states. § 1332(a). As the party invoking federal jurisdiction, Defendants bear the burden of establishing by a preponderance of the evidence that federal jurisdiction exists. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

The amount in controversy is determined at the time of removal, and subsequent events do not divest the court of jurisdiction after it attaches. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) ("It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal."). Thus, "post-removal stipulations and amendments do not generally defeat federal jurisdiction if the amount-in-controversy was satisfied at the time the complaint was filed." *Neighbors v. Muha*, 2005 WL 2346968, at *3 (W.D. Mo. Sept. 26, 2005) (citing *Halsne v. Liberty Mut. Grp.*, 40 F.Supp.2d 1087, 1091 (N.D. Iowa 1999), & *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U .S. 283, 292-93 (1938)). However, the Court may consider post-removal stipulations and other evidence "as long

as the stipulation can be considered as *clarifying* rather than *amending* an original pleading."
*Jackson v. Fitness Resource Grp.*, No. 4:12-CV-986-DDN, 2012 WL 2873668, at *2 (E.D. MO. July 12, 2012) (quoting *Ingram v. Procter & Gamble Paper Prods.* Co., No. 4:11-CV-549-CAS, 2011 WL 1564060, at *2 (E.D. Mo. Apr. 25, 2011)).

Several courts within this district have found remand appropriate where the plaintiff submitted a binding, post-removal stipulation limiting damages to less than $75,000 and the stipulation could be considered as clarifying the plaintiff's original pleading. *See Bowen v. LM Gen. Ins. Co.*, 4:19-CV-931, 2019 WL 2372665, at *2 (E.D. Mo. June 5, 2019) (granting motion to remand following plaintiff's filing of an affidavit averring that she would not seek, ask for, or accept, any amount of damages, including attorney fees, in excess of $75,000, exclusive of interests and costs; finding that the affidavit "clarifies the original Petition which did not include a specific prayer of damages in accordance with Missouri state law" and that by filing it, the plaintiff "has established to a legal certainty that her claim for recovery is for less than the jurisdictional amount"); *Ingram,* 2011 WL 1564060, at *2-*3 (granting motion to remand where the state-court petition did not state a specific damages amount sought and the plaintiff submitted an affidavit stipulating that his damages did not exceed and he would not accept an amount greater than $75,000; finding that the plaintiff's affidavit did "not seek to amend his petition, but rather clarify its demands"); *McGuire v. J.B. Hunt Transport, Inc.*, No. 4:10-CV-746-MLM, 2010 WL 2399550, at *4 ("A binding stipulation by affidavit or other binding declaration by plaintiff filed in both state and federal court stating that [plaintiff] does not seek, and will not ask for or accept an amount in damages in excess of $75,000.00, exclusive of interest and costs, protects both plaintiff and defendant and allows the court to find as a matter of law that the amount in controversy at the time of removal did not and does not exceed $75,000.00, exclusive of interest

5

and costs."); *Armour v. Schneider Nat'l Carriers, Inc., No.* 4:16-CV-1328 JCH, 2016 WL 5470466, at *3 n. 2 (E.D. Mo. Sept. 29, 2016).

Here, as in the cases above, the Court finds that Plaintiff's Stipulation and Amended Stipulation seek to clarify the amount sought in the original state-court petition, rather than to amend the petition. Unlike the plaintiff in *St. Paul Mercury Indem. Co.*, on which Defendants rely for their "snapshot rule" argument, here Plaintiff did not state a specific damages amount in her state-court petition and later attempt to change that figure in a post-removal stipulation. *See* 303 U.S. at 283. "While it is true that jurisdiction is measured at the time of removal, that only means that *facts arising subsequent to removal* have no bearing on a court's jurisdictional determination." *Pudlowski v. St. Louis Rams, LLC*, 829 F.3d 963, 964-65 (8th Cir. 2016) (finding abuse of discretion where district court would not consider affidavits submitted post-removal to establish amount-in-controversy) (emphasis added). Here, Plaintiff has merely stipulated to an amount that was previously undefined. Under the circumstances, the Court concludes that the amount in controversy, at the time of removal, was less than $75,000. Thus, the Court lacks jurisdiction over this action and will remand it to state court.

### b. **Attorney's Fees for Remand and Removal**

The Court next considers the sanctions of attorney's fees requested by Plaintiff in connection with the motion to remand. Plaintiff argues that Defendants had no objectively reasonable basis for seeking removal and that therefore Plaintiffs should be awarded attorney's fees and costs incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).

The Court first finds that although it is remanding Plaintiff's claims, this Court retains jurisdiction over the motion for costs and fees. *See, e.g., PNC Bank, N.A. v. Spencer*, 763 F.3d 650, 654 (7th Cir. 2014) ("[E]ven after remanding a case to state court, a district court retains jurisdiction to decide collateral matters like fee awards."); *Walker v. Lion Oil Trading &*

*Transp.,* LLC, No. 13-CV-01080, 2014 WL 5363862, at \*1 (W.D. Ark. Oct. 21, 2014) (rejecting the argument that the court lacked jurisdiction to award attorney's fees after entry of a remand order); *Atkison v. Steak & Shake of Hampton, Inc.*, No. 4:05-CV-1507 CAS, 2006 WL 8461284, at \*1 (E.D. Mo. Feb. 23, 2006) (collecting cases and stating, "A court retains jurisdiction to award attorney's fees even after remand, as the award of fees is a collateral matter.").

The Court next turns to the merits of the motion for costs and fees. Under 28 U.S.C. § 1447(c), "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* "In determining whether the removing party lacked an objectively reasonable basis for seeking removal, the district court does not consider the motive of the removing defendant." *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (internal quotation marks omitted). "Rather, the court must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Id.*

Here, the Court finds that Defendant had an objectively reasonable basis for removing this case to federal court. First, although the Court acknowledges that Defendants did not adequately plead diversity in citizenship in its Notice of Removal, the parties do not appear to dispute the existence of diversity of citizenship. The parties' disclosure statements indicate that Plaintiff is a citizen of Missouri and Defendants are citizens of Nevada. (ECF Nos. 8-9, 16). *See also* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."); 28 U.S.C. § 1441(a), ("Any civil action

7

brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). Second, Defendant explained why it believed the jurisdictional amount in controversy was satisfied based on a calculation of backpay damages—specifically, using Plaintiff's alleged hourly rate and the time between Plaintiff's termination and the anticipated trial date. (ECF No. 1). Defendant also considered the added amounts of punitive damages and attorney's fees. (*Id.*). The Court therefore finds that Defendant had an objectively reasonable basis for removing the case to federal court.

Plaintiff appears primarily to base her request for attorney's fees on Defendants' failure to respond to an email communication by Plaintiff's counsel inquiring whether Defendants consent to remand, in light of Plaintiff's stipulations. The Court acknowledges such silence is lacking in professional courtesy and impedes the efficient resolution of matters. Nonetheless, the Court rejects Plaintiff's argument that Defendants' failure to respond to Plaintiff's email constitutes "unusual circumstances" warranting attorney's fees. The Court will deny Plaintiff's motion for attorney's fees in connection with her motion to remand.

Because the Court lacks jurisdiction, Defendants' pending motion to dismiss and Plaintiff's motion to amend the JSP are both moot. The Court therefore will take up the sanctions of attorney's fees requested by Plaintiff in connection with the motion to amend the JSP. The Court has the inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107, (2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). The Court "may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45-46 (citation modified). "A bad faith finding is specifically required in order to assess attorneys fees." *Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC*, 458 F.3d 733, 739 (8th Cir.

2006). Attorney's fees must be limited to those that "would not have been incurred in the absence of the sanctioned conduct." *Goodyear Tire & Rubber Co.,* 581 U.S. at 110.

The Court does not find the sanctions requested by Defendant to be warranted at this time. There is insufficient information before the Court to find bad faith (or lack thereof) in Defendants' filing of the JSP, particularly in light of Defendant's quick efforts to clarify or amend the document.

However, the Court notes its disapproval of Defendants' use of opposing counsel's signature without that counsel's explicit approval of the filing. In the event that the parties dispute language for a joint filing and are concerned about meeting the Court's deadline, the proper approach is to either (1) note the disagreement in the filing, or (2) seek an extension from the Court. Nonetheless, the Court will deny Plaintiff's motion for sanctions in relation to the JSP.

### III.    CONCLUSION

For all of the reasons set forth above, this Court lacks jurisdiction over this case. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand to State Court (ECF No. 12) is **GRANTED in part and DENIED in part**. The motion is denied to the extent it seeks an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the Case (ECF No. 7) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct Joint Proposed Scheduling Plan and for Sanctions against Defendants' Counsel (ECF No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of the City of Saint Louis, Missouri, from which it was removed.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of August, 2026.